Gurdeep Singh VAHNIWAL, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72552.

Agency No. A76–457–144.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.*

Decided Feb. 18, 2004.

Inna Lipkin, Kuldip S. Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Huge G. Mullane, Francis W. Fraser, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM**

Gurdeep Singh Vahniwal, a native and citizen of India, petitions for review of the summary affirmance by the Board of Immigration Appeals (BIA) of the denial of his application for asylum, 8 U.S.C. § 1158(a), withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture, 23 I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. 208.16). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support his or her factual determinations. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court may reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the relief sought." *Gomez–Saballos v. INS,* 79 F.3d 912, 914 (9th Cir.1996).

Vahniwal argues that his asylum application should be granted because his testimony established persecution. However, the IJ made an adverse credibility determination about Vahniwal's testimony. A credibility finding must be based on specific, cogent reasons. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). We must affirm a credibility determination if "it is based on serious inconsistencies in the applicant's testimony that go to the heart of his application," *id.,* but we review such a finding under the same deferential "substantial evidence" standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002).

Here, the IJ pointed to a number of inconsistencies and explained why she found Vahniwal's testimony unbelievable because of them. For example, his testimony about how the police arrested and killed his father differed substantially from his account of the same event in a legal document that he had previously filed with an Indian court and whose accuracy he had previously confirmed. His father's death is central to Vahniwal's asylum claim because he claims he was persecuted on account of his membership in the same "social group" as his father. The IJ also relied upon discrepancies in Vahniwal's account of when the police had come to his home and when his father died. In addition, the IJ found that Vahniwal's demeanor changed in that he was emphatic and direct on direct examination but evasive on cross-examination. There is support for these findings in the record. Accordingly, we cannot say that no reasonable trier of fact could have concluded that Vahniwal's testimony was not credible.

Without credible testimony, there was no basis upon which to find that Vahniwal carried his burden of showing past persecution or a well-founded fear of persecution on account of a qualifying ground.

Necessarily, Vahniwal cannot show that he was eligible for withholding of removal because the standard of proof required to establish eligibility is higher than that required for establishing eligibility for asylum. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Similarly, Vahniwal's lack of credibility undermines his claim for relief under the Convention Against Torture. Accordingly, we deny his application for relief under the Convention Against Torture.

PETITION DENIED.